| | |
|---|---|
| MICHAEL WAYNE LIMLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 15-0328-CV-W-ODS-P |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Micheal Limley, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 22, 2015, seeking to challenge his 2011 conviction and sentence for murder in the second degree, which was entered in the Circuit Court of Buchanan County, Missouri, after he pleaded guilty to that offense.

After granting the petition a liberal construction, petitioner asserts seven (7) separate grounds for relief: (1)(a) that plea counsel was ineffective for failing to exercise due diligence while investigating the state's case against petitioner; (1)(b) that plea counsel was ineffective for failing to present a defense; (1)(c) that plea counsel was ineffective for withdrawing motion for change of venue; (1)(d) that plea counsel was ineffective for misrepresenting the terms of petitioner's plea agreement; (1)(e) that plea counsel was ineffective for withholding discovery documents from petitioner before he pleaded guilty;[1] (2) that Detective Scott Coates coerced

---

[1] Respondent contends that petitioner's Ground 1 contains fourteen (14) sub-claims; however, respondent only delineates two (2) of petitioner's sub-claims and, without individually listing what the other alleged 12 sub-claims are, suggests such claims are time-barred and, in the alternative, procedurally defaulted. The Court, however, only discerns five (5) sub-claims (a-e) in Ground 1 and will address those claims herein.

petitioner into confessing;[2] and (3) that the prosecution committed a Brady violation.[3] Respondent contends that Grounds 1(d) and 1(e) are without merit and that Grounds 1(a), 1(b), 1(c), 2, and 3 are procedurally barred.[4]

## FACTUAL BACKGROUND

On appeal from the denial of petitioner's Rule 24.035 post-conviction relief motion, the Missouri Court of Appeals, Western District, summarized the facts of the case:

> Limley pled guilty to second-degree (felony) murder for his involvement in the death of Larry Norris. During the plea hearing, Limley acknowledged that he was entering his plea pursuant to an agreement with the State whereby the State agreed not to pursue any further charges arising from the facts surrounding Norris's death in exchange for Limley's guilty plea and his cooperation in the prosecution of his cohort, Christopher Helton. The State further agreed to acknowledge Limley's cooperation at his sentencing hearing. Limley was advised that the range of punishment he was facing, even with the plea agreement, was ten to thirty years' or life imprisonment. Limley acknowledged that, even if he fully performed his obligations under the plea agreement, he was still facing a maximum term of life imprisonment, which was wholly at the court's discretion. Limley denied receiving any promises or assurances from anyone, including plea counsel, that he would be facing a lesser penalty than that outlined by the court in the range of punishment.
>
> Limley further expressed satisfaction with plea counsel's performance, indicating that there was nothing she had failed to do on Limley's behalf before the plea proceeding. After Limley and the prosecutor described and agreed upon the facts and circumstances surrounding the crime, the court accepted Limley's guilty plea, ordered a sentencing assessment report, and set the matter for a sentencing hearing.

---

[2]Additionally, petitioner contends that Detective Coates pleaded guilty to an unrelated felony two years after petitioner's conviction. Such is not a ground for relief. Granting petitioner's claim a liberal construction, the Court assumes that petitioner is attempting to contend that such is "new evidence" establishing that petitioner is "probably actually innocent," Schlup v. Delo, 513 U.S. 298 (1995), in an attempt to excuse his procedural default of Grounds 1(a), 1(b), 1(c), 2, and 3.

[3]Due to petitioner's lack of factual support in his petition, respondent believes that the Brady claim may be that the prosecution withheld information regarding Detective Coates' felony charge. However, petitioner's traverse clarifies that the Brady claim is related to the prosecution's alleged failure to disclose certain DVDs to plea counsel.

[4]Respondent sets forth multiple reasons to deny petitioner's grounds for relief. However, the Court will address such grounds in a way that is "easie[st] and thus more judicially efficient." See Jones v. Bowersox, 28 Fed. Appx. 610, 611 2002 WL 215523, **1 (8th Cir. Feb. 13, 2002).

At the sentencing hearing, the prosecutor advised the court that Limley had fully complied with his obligations under the plea agreement and then deferred to the court to fashion the appropriate sentence. Plea counsel sought lenience in light of Limley's cooperation and apparent show of remorse for his actions, and she requested that he be sentenced to a term shorter than Helton's. The court sentenced Limley to twenty-five years' imprisonment.

Following entry of the sentence, the court questioned Limley about plea counsel's assistance. Limley continued to express satisfaction with plea counsel's representation and indicated that there was nothing more he wanted her to do in his case that was not done. The court reiterated the terms of Limley's plea agreement, and Limley indicated his feeling that the State had complied with all of its obligations. Limley denied receiving any promises, representations, or threats from anyone, including plea counsel, to induce his plea. Limley specifically denied receiving any promises or representations from plea counsel regarding the sentence he would receive. Limley denied having any questions for the court about his case. The court concluded the hearing and then entered sentence and judgment.

Limley timely filed a pro se Rule 24.035 motion for post-conviction relief, raising numerous claims of ineffective assistance of plea counsel. The motion court appointed counsel, and a special public defender entered her appearance on Limley's behalf. The amended motion asserted seven claims of ineffective assistance of plea counsel, including claims that plea counsel misadvised Limley that he would receive a maximum sentence of ten years and that plea counsel failed to depose and cross-examine State witnesses and provide Limley with discovery. The motion court granted Limley an evidentiary hearing.

At the hearing, the State asked the court to take judicial notice of the underlying files and transcript, and Limley presented his own deposition testimony. In his deposition, Limley described a vastly different factual scenario surrounding the crime (one that suggested Limley played a far less culpable role); claimed that plea counsel represented that, as part of the plea agreement, Limley would receive a sentence of ten years, of which he would be required to serve only 66%; and claimed that plea counsel failed to provide him with half of the discovery documents she received. Limley acknowledged his prior inconsistent representations at his plea and sentencing hearings, but claimed that those statements were only partially true and made under the belief that he would receive a more lenient sentence. The motion court entered its findings of fact and conclusions of law, denying Limley's motion on the ground that all of his claims were refuted by his testimony at both the plea and sentencing hearings. Limley appeals.

Respondent's Exhibit F, pp. 2-4.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[5] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUNDS 1(d) & 1(e) - INEFFECTIVE ASSISTANCE OF PLEA COUNSEL

In Ground 1(d), petitioner contends that plea counsel was ineffective for misrepresenting the terms of petitioner's plea agreement. In Ground 1(e), petitioner contends that plea counsel was ineffective for withholding discovery documents from petitioner before he pleaded guilty. Specifically, petitioner contends that, but for plea counsel's ineffective assistance, he would not have pleaded guilty.

In order to succeed on a claim of ineffective assistance of plea counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. 668, 687-90 (1984).

---

[5] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction . . . ." Id. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. This Court may not grant habeas relief unless the state court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000).

"A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 689). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687.

The Missouri Court of Appeals, Western District, denied Grounds 1(d) and 1(e), as follows:

> Regarding Limley's assertion that plea counsel misadvised him that he would receive a ten-year sentence, the record supports a contrary conclusion. At the plea hearing, Limley made the following representations to the court regarding his understanding of the range of punishment and sentence he would receive:
>
> Q  The range of punishment for the felony of murder in the     second degree runs from a minimum of 10 years in the Missouri Department of Corrections up to 30 years in the Missouri Department of Corrections or life imprisonment in the Department of Corrections.
>
> Do you understand the range of punishment for this charge?

A   Yes.

Q   Do you understand that by pleading guilty this afternoon, . . . you will have a conviction for a felony of murder in the second degree[] and that it will be up to me to set your sentence?

A   Yes, Your Honor.

. . . .

Q   . . . Now, under this plea agreement do you understand that you still could receive up to life imprisonment in the Department of Corrections?

A   Yes.

Q   Do you understand that even if you would – and evidently you have cooperated with the State, given a statement.

   Even if you would cooperate further and testify, that the Court does not have to consider that - or I certainly would consider it, but would not have to lower your punishment or give you a lower punishment because of that cooperation?  Do you understand that?

A   Yes, Your Honor.

Q   All right.  So you still understand that under this agreement you could receive up to life imprisonment in the Department of Corrections?

A   Yes.

Q   Has anybody promised you or assured you that would not occur?

A   No.

. . . .

Q   Has [plea counsel] promised you or assured you that if you pled guilty to this charge you would receive a particular sentence?

A   No.

Q   Has she promised you or assured you that if you cooperated with the State and testified in the case, if called upon, that your sentence would be reduced in any way?

A   No.

. . . .

Q  . . . What I'm getting at, has anybody promised you or assured you that if you did in fact cooperate with the prosecution of your co-defendant and testified that this would in fact result in you receiving a lower sentence?

A  No.

Q  Or would receive some consideration in your sentence in this case? And I guess when I say "consideration," meaning a reduction of your sentence.

A  No.

Q  All right. Obviously, that's what you're hoping for. Is that correct?

A  Correct.

Q  But no one has promised you or assured you that that would in fact occur; is that correct?

A  Correct.

Q  So let's go back to discussing [plea counsel's] representation of you. She has not made any promises or assurance to you as to what sentence you would receive; is that correct?

A  Correct.

Q  And has she made any promises or assurances that the cooperation would result in a lower sentence?

A  No.

Q  Okay. And no one else has either; is that correct?

A  Correct.

At the sentencing hearing, after receiving a twenty-five-year sentence (two-and-a-half times the length of the sentence plea counsel allegedly represented Limley would receive), Limley still expressed satisfaction with plea counsel's services and denied the existence of any threats or promises inducing his plea. In fact, Limley specifically told the court that neither plea counsel nor anyone else had made him any promises or representations as to what sentence he would receive. Frankly, short of directly asking Limley if plea counsel promised

that he would receive a ten-year sentence – a level of specificity that is *not* required – there is no other question the court could have asked Limley that would have conclusively refuted his current claim that plea counsel advised him that he would receive a ten-year sentence. Thus, the motion court did not clearly err in denying Limely's claim, and *Driver* does not dictate a contrary conclusion.

    Point I is denied.

. . . .

    In his second point, Limley again argues, relying on *Driver*, that the motion court erred in finding his claim [that plea counsel was ineffective for failing to obtain or provide him with discovery was] refuted by the record. And again, we disagree.

    At the plea hearing, Limley submitted a Petition to Enter Plea of Guilty. In the petition, Limley represented his belief "that [his] lawyer ha[d] done all that anyone could do to counsel and assist [him]." Also included in the petition was a certificate from plea counsel, wherein plea counsel represented that she had "investigated the circumstances of this case[,] . . . explored all avenues leading to facts relevant to guilt and degree of guilt or penalty[, and] . . . made efforts to secure information in the possession of the prosecution and law enforcement authorities." When questioned about the petition, Limley indicated that he read and understood it.

    At the plea hearing, the court also questioned Limley about his satisfaction with plea counsel's representation:

Q  Are you satisfied with [plea counsel's] representation of you?

A  Yes.

Q  Is there anything more that you wanted her to do before you pled guilty to this charge?

A.  No.

. . . .

Q  Is there anything more you wanted [plea counsel] to do in your case that has not been done?

A  No.

Q  Was [plea counsel] willing to try the case to a jury if you wanted to go to a jury trial?

A   Yes.

Q   And was it your decision not to pursue a jury trial and instead plead guilty to the charge?

A   Yes, Your Honor.

At the sentencing hearing, Limley indicated that he was "still satisfied with [plea counsel's] representation," and there was nothing more he wanted her to do in his case that had not been done.

In the amended motion, Limley claimed that plea counsel "failed to properly depose and cross-examine the State's witnesses." First, Limley waived the right to cross-examine any of the State's witnesses when he pled guilty, and this fact was made clear to him through both the Petition to Enter Plea of Guilty and the court's questioning at the plea hearing, where he was specifically advised that, by pleading guilty, he was waiving the right to cross-examine the State's witnesses. Rule 24.02(b)3. Second, Limley's claim that counsel failed to properly depose witnesses is refuted by counsel's representation in the petition that she had "explored all avenues leading to facts relevant to guilt and degree of guilt or penalty" and Limley's assertions that counsel had done everything he wanted her to do before he pled guilty. Thus, counsel either conducted the depositions, or Limley never indicated to her that he wanted them done. Either way, his claim of ineffectiveness is contrary to assertions made by both Limley and plea counsel to the plea court.

Limley further alleged in the amended motion that plea counsel failed to provide him with discovery, including police reports and statements. Though we tend to agree that this assertion is not conclusively refuted by the record, we will still affirm the motion court's ruling "if [it] is sustainable on other grounds." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). Here, Limley simply failed to prove his claim at the evidentiary hearing. He never offered into evidence any of the police reports or statements that plea counsel allegedly failed to provide. He never identified for the court what documents he *did* receive from counsel. And he failed to offer any evidence as to *how* having these unidentified reports and statements affected his decision to plead guilty, other than simply claiming that it did. Thus, we cannot say that the motion court clearly erred in denying his claim.

Point II is denied.

Respondent's Exhibit F, pp. 8 – 13 (internal footnotes omitted).

The decision of the Missouri Court of Appeals is reasonable and therefore is entitled to deference under § 2254(d). The resolution of Grounds 1(d) and 1(e) by the state court did not

result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[6] Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that counsel was not ineffective.

Grounds 1(d) and 1(e) will be denied.

### GROUNDS 1(a), 1(b), 1(c), 2, & 3 - PROCEDURAL DEFAULT

In Ground 1(a), petitioner contends that plea counsel was ineffective for failing to exercise due diligence while investigating the state's case against petitioner. In Ground 1(b), petitioner contends that plea counsel was ineffective for failing to present a defense. In Ground 1(c), petitioner contends that plea counsel was ineffective for withdrawing his motion for change of venue. In Ground 2, petitioner contends that Detective Coates coerced him into confessing. In Ground 3, petitioner contends that the prosecution committed a Brady violation. Respondent contends that Grounds 1(a), 1(b), 1(c), 2, and 3 are procedurally barred.

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred

---

[6]According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

> unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record shows that petitioner did not raise Grounds 1(a), 1(b), 1(c), 2, and 3 on appeal from the denial of his amended Rule 24.035 motion. Therefore, Grounds 1(a), 1(b), 1(c), 2, and 3 are procedurally defaulted and may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. The Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner does not present any valid explanation[7] for why these grounds were not pursued on appeal from the denial of his Rule 24.035 motion and, therefore, has failed to demonstrate cause for his procedural default. As a result, we do not consider prejudice. The Court, however, can still reach the merits of his claims if petitioner can show that he is "probably actually innocent" of the crimes for which he was convicted. Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996), cert. denied, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with new reliable evidence. . . that was not presented at trial." Second, he must establish

---

[7]Granting the petition a liberal construction, it may be that petitioner contends that he did not raise these grounds in previous proceedings because he feared that the state would bring retaliatory marijuana possession charges against his family if he retracted his testimony before the statute of limitations for such possession charges expired. Such does not constitute legal cause for a procedural default.

"that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id., citing Schlup v. Delo, 513 U.S. 298 (1995). Petitioner fails to make this showing.

Petitioner has failed to show cause for his default of Grounds 1(a), 1(b), 1(c), 2, and 3. He does not show that a manifest injustice will occur if these grounds are not reviewed on the merits, and he has failed to meet the Schlup standard for actual innocence. Id. Therefore, federal review of Grounds 1(a), 1(b), 1(c), 2, and 3 is barred.

Grounds 1(a), 1(b), 1(c), 2, and 3 will be denied.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED**;

(2) this case is **DISMISSED** with prejudice; and

(3) a certificate of appealability is **DENIED**.

    /s/ *Ortrie D. Smith*
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  November 24, 2015 .